IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PLATTE VALLEY BANK, a Nebraska State Bank, | ) ) ) | |
| Plaintiff, | ) ) ) | CASE NO. 8:10CV59 |
| v. | ) ) ) | PROTECTIVE ORDER |
| TETRA FINANCIAL GROUP, LLC, a Utah Limited Liability Company, and REPUBLIC BANK, INC. a Utah Corporation, | ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the Court upon the Joint Stipulation for Protective Order of the parties (Filing No. 91).  Upon consideration of the premises and the Joint Stipulation of the parties, as presented to the Court, the Court finds that the Joint Stipulation should be granted.

The Court, being advised in the premises, FINDS and ORDERS:

1. Portions of documents, deposition testimony, and other materials produced by the parties might contain confidential information or commercial secrets not available in the public domain and shall be considered confidential material at the request of the producing party.  The producing party shall designate clearly the portion or portions of any documents or other materials produced that it contends should be kept confidential, by labeling or identifying such portions as "Confidential".

2. Documents defined as confidential in Paragraph 1 above shall be revealed only to and used only by:

    a. This Court, including its staff and jury selected in this case;

    b. The individual parties to this action and their attorneys together with their paralegals, clerical employees and other staff actually working on this case prior to final disposition of this matter by a court of competent jurisdiction, and only insofar as may be reasonably necessary to prepare for the prosecution or defense of a claim in this case; and

    c.     Experts or consultants who may examine confidential materials in connection with discovery and the presentation of evidence in the trial of this case.

    d.     Witnesses who are called to testify at trial or depositions in this matter concerning the documents or materials and the information contained therein or witness that might be called to testify.

3. Counsel for each party to this action shall ensure that persons described in Paragraph 2 who received confidential material pursuant to the Protective Order have knowledge of the terms of the Order and agree to be bound by them.

4. Any party may bring before the Court at any time the question of whether particular information designated as confidential is in fact of a confidential nature, as contemplated by the provision of the Protective Order. Until the Court has ruled on any disputed designations of confidentiality, the parties shall treat information and documents properly designated as confidential by another party as confidential. The party asserting confidentiality over a document, including a deposition or trial transcript, or portion thereof, shall bear the burden of establishing that the information contained therein is in fact confidential.

5. Nothing in the Protective Order is intended to limit or otherwise affect the scope of discovery by the parties or the use or admissibility of evidence at trial. Materials subject to the Protective Order may be filed with the Court, provided that any portions of such documents that are designated as confidential are filed under seal and prominently marked: "Information Subject to Protective Order." Parties shall file only the portions of a pleading, motion or brief that contained confidential information with the Court under seal.

6. A party that wishes to designate as confidential material information that is contained in a deposition transcript shall indicate orally at the time of the deposition that it intends to designate all or part of the testimony as confidential. Within seven (7) days after the receipt of the deposition transcript, the designating party shall advise the other parties of the specific portions of the testimony it contends are confidential, unless the parties agree to an extension of that period of

time. Until the period of time for designation has passed, or until the Court has ruled on any disputed designations of confidentiality the parties shall treat the designated portions of any deposition transcripts as confidential.

7. Upon final disposition of this matter by a court of competent jurisdiction or upon conclusion of any settlement, counsel for the parties shall destroy all documents and materials (excluding those comprising any appellate or district court record) that have been designated as "confidential" by another party unless such designation has been ruled improper by the Court including any and all copies in the possession of the party, their employees and representative, experts or consultants. Upon destruction of confidential materials, each party shall provide to each other a "Written Verification" stating that all such confidential documents, materials and information have been destroyed.

8. The Protective Order applies to information contained in the briefs, memoranda, motions or pleadings, or any other documents prepared or filed in this litigation which reveal confidential financial information contained in documents or materials that have been designated as "confidential" by one of the parties, unless this Court has ruled that such designation was improper. This agreement shall be binding for five years from the date of its execution.

DATED this 25th day of October, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

Prepared and submitted by:

Howard P. Olsen, Jr. NSBA #13139
SIMMONS OLSEN LAW FIRM, P.C.
1502 Second Avenue
Scottsbluff, NE 69361
Telephone: (308) 632-3811
Facsimile: (308) 635-0907

APPROVED AS TO FORM BY:

By:  */s/ Tim W. Thompson*
         Tim W. Thompson
NSBA #16947
Angela R. Shute, #23562
KELLEY, SCRITSMIER & BYRNE, P.C.
221 West Second Street, Suite 100
P.O. Box 1669
North Platte, NE 69103-1669
Telephone: (308) 532-7110
ksb@nponline.net

and

By:  */s/ Richard F. Ensor*_____
         Richard F. Ensor,

#10877 (Admitted Pro Hac Vice)
VANTUS LAW GROUP, P.C.
3165 East Millrock Drive, Suite 160
Salt Lake City, UT 84121
Telephone: (801) 833-0500
rick@vantuslaw.com