IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
PLATTE VALLEY BANK, a           )
Nebraska State Bank,            )
                                )
            Plaintiff,          )          8:10CV59
                                )
     v.                         )
                                )
TETRA FINANCIAL GROUP, LLC, a   )          MEMORANDUM AND ORDER
Utah Limited Liability          )
Company, and REPUBLIC BANK,     )
INC., a Utah corporation,       )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on defendants Tetra Financial Group, LLC ("Tetra") and Republic Bank, Inc.'s ("Republic") motion to exclude plaintiff's expert (Filing No. 58). Defendants seek to exclude the testimony of Darrell G. Eskam because "it lacks any specialized knowledge and since it is not the product of any reasoning or methodology which will assist the trier of fact" (*Id.*). The Court finds the motion should be denied.

### BACKGROUND

Plaintiff Platte Valley Bank brought this action alleging defendants converted certain equipment and/or collateral proceeds, in which plaintiff claims to have a security interest. Because "[o]ne of plaintiff's theories of recovery is that it has the right under its security interest to recover proceeds from the sale of equipment which has been sold without its consent"

(Plaintiff's Opposition Brief, Filing No. 87, ¶ 4), plaintiff seeks to offer the expert testimony of Eskam.

Eskam is a certified public accountant and certified valuation analyst, who operates an accounting firm in Gering, Nebraska.  He has provided testimony or litigation assistance in at least thirty-seven cases.  In his expert report, dated August 27, 2010, Eskam's sole stated opinion is "that [Heggem Construction, Inc. ("HCI")] and [Tetra] both considered the transaction of October 2, 2008 as a sale of equipment by HCI and the purchase thereof by Tetra" (Eskam Expert Report, Filing No. 88-1, at 42).  In preparing this report, Eskam stated he reviewed (1) redacted HCI balance sheets and cash flow statements for 2007 and 2008, (2) transactional documents between HCI and Tetra dated October 2, 2008, and (3) "[o]ther testimony or documents I may consider necessary to provide expert testimony" in the case (*Id.*).  Eskam also stated he had not yet reviewed HCI's accountant work papers and tax returns and Tetra's tax returns and K-1, but he expected those documents to confirm his opinions.[1]

---

[1] It is unclear from the parties filings whether Eskam has reviewed these documents yet.  To the best of the Court's knowledge, plaintiff has not sought to supplement Eskam's expert report in light of the information contained in those documents.

**ANALYSIS**

Federal Rule of Evidence 702 permits an expert to testify in the form of opinion or otherwise regarding "scientific, technical or other specialized knowledge" to assist the trier of fact's understanding of the evidence or to determine a fact in issue "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Pursuant to Rule 702, the trial judge must undertake a "gatekeeping" function ensuring that all expert testimony is not only relevant, but also reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 147 (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). In executing this gatekeeping function, trial courts should preliminarily assess whether the reasoning or methodology underlying the expert's testimony is valid and whether the expert can properly apply the reasoning or methodology to the facts at issue. *Synergetics, Inc. v. Hurst*, 477 F.3d 949, 955 (8th Cir. 2007) (quoting *Daubert*, 509 U.S. at 592-93). An expert's opinion should only be excluded if the "opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Synergetics*, 477 F.3d at 955 (internal quotation marks omitted); *see also Bloomer ex rel. Bloomer v. Bridgestone Firestone N. Am.*

*Tire, LLC*, No. 8:05CV503, 2008 WL 934365, at *3 (D. Neb. Mar. 31, 2008) ("Doubts regarding the usefulness of an expert's testimony are resolved in favor of admissibility.").

Defendant's first contention that Eskam's opinion lacks any specialized knowledge is incorrect. Certified public accountants, such as Eskam, can be qualified as an expert because they possess specialized knowledge that can help the trier of fact understand financial evidence and records. *See Williams v. Sec. Nat'l Bank of Sioux City, Iowa*, 358 F. Supp. 2d 782, 792 (N.D. Iowa 2005). Because of his training as an accountant and certified valuation analyst and his previous accounting experiences detailed in his curriculum vitae, Eskam does possess the kind of specialized knowledge that would allow him to opine that HCI and Tetra both considered the October 2, 2008, transaction as a sale of equipment by HCI to Tetra.

Defendants' second contention that Eskam's opinion is not the product of any reasoning or methodology also fails. In forming his opinion, Eskam described his methodology for determining whether an entity treats a transaction as a sale as "looking at tax return schedules, purchase contracts and other financial records" (Affidavit of Darrell G. Eskam, Filing No. 88-2, ¶ 2). He also stated this methodology is consistent with "the practices and methodology [he] employ[s] on a daily basis as a certified public accountant" and is the "same methodology . . .

used by his peers, has been the subject of training and seminar materials, has been peer reviewed and is generally accepted in the accounting profession" (*Id.* ¶¶ 3, 4). The Court finds Eskam's opinions are based on sufficient data and are the product of reliable methods and principles, and Eskam has applied the methods and principles reliably to the case's facts. *See* Fed. R. Evid. 702.

Although defendants challenge the probative value, methodology, and basis for Eskam's opinions, these concerns go, as noted by numerous cases, to the weight of the evidence and not to its admissibility. *See*, *e.g.*, *Daubert*, 509 U.S. at 595 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence. . . . These conventional devices, rather than wholesale exclusion . . . are the appropriate safeguards where the basis of scientific testimony meets the standards of Rule 702."); *Synergetics*, 477 F.3d at 955 ("[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination."); *Tri State HDWE, Inc. v. John Deere Co.*, 532 F. Supp. 2d 1102, 1105 (W.D. Mo. 2007) ("The Court finds that the issues presented by defendant's objections here go to the weight

not the admissibility of Myers' affidavit."). Defendants will have the opportunity to cross-examine Eskam at trial and to present contrary evidence, potentially undercutting the weight of Eskam's testimony with the trier of fact. Exclusion of Eskam's testimony, however, is inappropriate. Accordingly,

IT IS ORDERED that defendant's motion to exclude expert (Filing No. 58) is denied.

DATED this 22nd day of November, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court